UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| LEXICON, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 02-68-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SAFECO INSURANCE COMPANY OF | ) | **AND ORDER** |
| AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The state court held that Icon is not liable to Lexicon for the costs of delay, and so Safeco—Icon's surety—generally cannot be held liable. The parties agree that only one question remains: does an exception to claim preclusion require this Court to rehear the claims rather than defer to the state court judgment? The answer is no. Thus, Safeco's motion for summary judgment, R. 250, is granted.

## BACKGROUND

The procedural history of this case is complicated. Thankfully, the issue before the Court is not. The dispute arises out of construction work on a stainless steel plant in Kentucky. SMS Siemag ("SMS") was the general contractor, Icon Construction ("Icon") the sub-contractor, and Lexicon the sub-sub-contractor. As part of its contract with SMS, Icon was required to post a bond that would guarantee payment to subcontractors working on the project. Safeco, an insurance company, was the surety on the bond.

As tends to happen with construction projects, there were delays. Because of the delays,

Lexicon had to pay significantly more for materials and labor than it had anticipated. Lexicon tried to recover the costs of delay in two ways. Lexicon first sued Safeco, the surety for Icon's construction bond, in federal court. It also sued Icon in Kentucky state court. After extensive litigation, including an appeal to the Sixth Circuit, this Court stayed Lexicon's suit against Safeco pending the outcome of its state suit against Icon. The state court held that Lexicon could not recover from Icon because Lexicon had failed to preserve its claims for the costs of delay as required by the sub-contract. And now, back to the federal suit. Safeco has filed a motion for summary judgment, R. 250, to which Lexicon responded, R. 260, and Safeco replied, R. 262. The Court heard argument on the motion on August 12, 2010. R. 271.

## DISCUSSION

The parties agree that the Kentucky courts' decisions preclude Lexicon from seeking relief under the bond unless an exception to res judicata applies. This is true for several different reasons.

**I.    Kentucky courts' decision on Icon's liability precludes action against Safeco on the bond**

The doctrine of preclusion bars this suit for two reasons. First, the state court already resolved an issue critical to Lexicon's claim against Safeco. Namely, it decided that Lexicon could not recover from Icon. The doctrine of issue preclusion bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008) (citations omitted). When no claim exists against the principal,

there can be no claim against the surety. *See Hopkins v. INA Underwriters Ins. Co.*, 542 N.E.2d 679, 683 (Ohio. Ct. App. 1988) ("Because the surety's obligation is derived from that of the principal, the liability of the surety is ordinarily measured by the liability of the principal. . . . As a general rule, a surety on a bond is not liable unless the principal is and, therefore, may plead any defense available to the principal . . . ." (citations omitted)). If Icon does not owe Lexicon labor and material costs, the bond does not create a separate cause of action or source of relief. Additionally, the bond specifies that it is "conditioned upon and to the percentage extent of Icon's failure to pay parties for labor and materials needed for completion of Icon's scope of work. Safeco does not waive the requirement that a claimant provides or establishes its claim arising from a default by Icon under this payment bond." R. 262, Ex. 3. According to the Kentucky courts, Icon did not default on its obligations. To allow the bond claim to proceed would ignore their decision.

Further, parties are precluded "from contesting matters that they have had a full and fair opportunity to litigate." *Taylor*, 128 S. Ct. at 2171 (quoting *Montana v. United States*, 440 U.S. 147, 153-154 (1979)). Safeco was joined as a defendant in the state court action the same day the trial court granted summary judgment for the other defendants. *See* R. 262, Ex. 1 at 3 (filed Jan. 20, 2006); R. 250, Ex. C ("Trial Ct. Op.") at 9 (filed Jan. 20, 2006). Lexicon argues that because the court did not grant its motion to amend until it was about to rule on the summary judgment motion, it did not have a full and fair opportunity to pursue its claim against Safeco. But Lexicon could have raised its claim against Safeco in its motion for reconsideration that followed. *See* Trial Ct. Op. at 13. It did not, and the trial court's final order included judgment

3

for Safeco. *See* R. 262, Ex. 2 at 1. Nor did Lexicon raise its claims against Safeco in its brief to the Kentucky Court of Appeals; although it names Safeco as a defendant it does not argue for recovery under the bond. *Id.* Most importantly, Lexicon should have sued Safeco in state court from the outset. "[W]hat is important is not whether a particular claim is compulsory, but whether the claim *should have been* considered during the prior action." *TolTest, Inc. v. North Am. Specialty Ins. Co.*, 362 F. App'x 514, 517 (6th Cir. 2010) (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)) (emphasis added). In *TolTest* the court addressed a similar issue; a subcontractor's breach of contract claim had been previously litigated and the contractor then sought relief on the bond in a separate action. *Id.* at 515-16. Because of the factual and evidentiary nexus between the breach of contract claim and the bond claim, the claims "arose from the same transaction or series of transactions," *id.* at 518 (internal quotation omitted), and the contractor was precluded from bringing the bond claim separately. *Id.* Thus, Lexicon too is prohibited from bringing its bond claim in federal court because it had opportunities to raise the claim below.

There are a few exceptions, however, when res judicata does not apply. Lexicon asks this Court not to give the Kentucky judgment preclusive effect because Lexicon alleges that it violates public policy.

## II.     The public policy exception to res judicata does not apply

The Sixth Circuit "has recognized an exception to preclusion principles when 'an inflexible application would have violated an overriding public policy or resulted in manifest injustice to a party.'" *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 819 (6th Cir. 2010)

4

(quoting *United States v. LaFatch*, 565 F.2d 81, 84 (6th Cir. 1977)). These exceptions only apply in a "small category of cases." *Id.* (internal quotation marks omitted). According to Lexicon, this case falls into that small category. Lexicon argues that the Kentucky courts, applying Ohio law as required by the subcontract's choice of law provision, ignored an Ohio statute that would have allowed Lexicon to recover delay damages. Lexicon is incorrect.

Ohio Rev. Code § 4113.62(C)(2) provides that a subcontract provision or any other document "that *waives or precludes liability for delay* during the course of a construction subcontract when the cause of the delay is a proximate result of the owner's or contractor's act or failure to act, *or that waives any other remedy for a construction subcontract* . . . is void and unenforceable as against public policy." (emphasis added). Icon and Lexicon's subcontract does not, on its face, preclude or waive liability or remedy for delay.[1] *See* R. 260, Ex. 9 ("Subcontract"). But Lexicon argues that the Kentucky courts construed the subcontract's delay provision to eliminate relief for delay claims; thus their *interpretation* violates § 4113.62(C)(2). The fact of the matter is, neither the trial court nor the Kentucky Court of Appeals construed the statute in such a way. Both courts noted that under subcontract § 6.4 Lexicon *could have recovered* delay damages, but it failed to preserve its claims.

The Kentucky trial and appellate courts performed a fact-intensive analysis and did not merely throw away Lexicon's opportunity to recover from Icon. At oral argument, Lexicon

---

[1] Another provision exists in the subcontract that suggests the remedy for delay claims is an extension of time. *See* Subcontract §§ 9.3, 13.2. But the parties agree that provision is not at issue here; the Kentucky courts did not base their decision upon it nor do the parties address it in their briefs. Safeco also never enforced this provision.

agreed that this Court cannot revisit the Kentucky courts' factual findings. Lexicon's claims against Icon have gone through three stages of thorough review, and it is not the role of this Court to second-guess the state judicial process. Pursuant to its subcontract with Icon, Lexicon executed Applications for Payment monthly. Subcontract § 6.4 states that "[e]ach Application for Payment shall be deemed to be an express representation that Schueck [Lexicon's predecessor] has no grounds to make a claim for money, compensation, damages, or anything else of value against ICON, except as expressly stated in the Application for Payment." R. 260, Ex. 9 at 36. Lexicon also submitted Waivers of Lien, *see, e.g.*, R. 260, Ex. 30, documenting that it had been paid in full and releasing Icon from liability at various stages of the project. The trial court did not interpret the Applications and Waivers as precluding any opportunities for liability. Instead, it noted specifically that "[t]here [was] no reservation of claims in the Applications for Payment or Waiver of Lien documents that were submitted during the period when the alleged damages of the Plaintiff occurred. Trial Ct. Op. at 4.

On appeal, Lexicon reasserted its factual argument that the Applications for Payment and Waivers "did not waive its delay and impact claims." *See* R. 262, Ex. 2 at 25-28. But the Kentucky Court of Appeals affirmed the finding that the "trial court found no instance where [Lexicon] asserted or preserved any delay claims whatsoever in conjunction with filing the Applications for Payment." R. 250, Ex. B ("Ct. App. Op.") at 14.

Lexicon's proposed reading of § 4113.62(C)(2) is untenable in the world of construction contracts. To invalidate any provision requiring a subcontractor to present its damages periodically during the execution of the contract would make it impossible for contractors to

ascertain potential liabilities and costs. It would leave Icon, for example, susceptible to millions of dollars of claims presented at the end of a three-year project without any warning. Some conditions on recovery must still be permitted even in light of § 4113.62(C)(2). The Ohio Court of Appeals agreed, and rejected arguments similar to those Lexicon makes today.[2] *B.I. Chipping Co. v. R.F. Scurlock Co.*, No. 04AP-1219, 2005 WL 3484306, at *4-5 (Ohio Ct. App. Dec. 20, 2005). There, the contract allowed the plaintiff to seek delay damages only in the amount the defendant/contractor recovered through the Ohio Department of Transportation claims process. *Id.* at *3. The plaintiff argued that the contract provisions limiting its recovery in such a way left its "claims dependent on a host of facts, including pure luck, to recover its damages and [had] the effect of essentially waiving all" of its claims. *Id.* at *4. The Ohio Court of Appeals rejected this argument, noting that the plaintiff had agreed to the terms of the contract putting those conditions in place. "Appellant agreed to accept only those delay-related damages that were actually recovered from ODOT through its claims process. This does not bring the contract within the class of contracts that contain clauses that 'waive[] or preclude [] liability for delay' and are prohibited." *Id.* at *5. Likewise, Lexicon agreed to abide by the terms of the Application and Waiver documents that became part of the subcontract. The Kentucky courts did not interpret the subcontract to preclude recovery but instead found that Lexicon had failed to preserve its claims under these specific facts.

The Kentucky courts themselves have heard Lexicon's argument that the statute barred

---

[2]    *See Acme Contracting, Ltd. v. TolTest, Inc.*, Nos. 08-2072, 08-2289, 2010 WL 1140997, at *6 (6th Cir. Mar. 24, 2010) (the court noted there was "scant caselaw applying Ohio Rev. Code § 4113.62(C)(2)").

the term of the agreement several times. The parties briefed the issue before the Kentucky Court of Appeals, R. 262, Ex. 2 at 22; R. 262, Ex. 5 at 27-28, and again in a motion for reconsideration to the Court of Appeals, *see* R. 262, Ex. 6 at 2-5; R. 262, Ex. 7 at 2-3. The court responded. "In the case at bar, [Lexicon] might have been entitled to delay damages, had it properly preserved its claims under the contract. [Lexicon] failed to preserve such claims, and any reliance by the trial court on *Dugan* is therefore harmless error, as it was clearly not the sole basis for the court's decision." Ct. App. Op. at 17. Although the Kentucky Court of Appeals did not specifically reference the statutory provision, it clearly considered the policy behind it when addressing *Dugan & Meyers*, which considers § 4113.62(C)(2) at length. *Id.* at 16-17.

The state court interpretation of Lexicon's subcontract did not eliminate any opportunities to recover delay damages. No matter how many times the issue is raised, the answer remains the same. The state courts made a factual determination that Lexicon failed to preserve its claims against Icon. This is not a waiver. Requiring presentment or damages in a timely fashion is not inconsistent with § 4113.62(C)(2). This Court will not disturb the decision that Lexicon cannot recover damages from Icon, and thus, Lexicon cannot recover damages from Safeco.

## CONCLUSION

For the reasons discussed, it is **ORDERED** that Safeco's motion for summary judgment, R. 250, is **GRANTED**. Any pending motions are **DENIED** as moot and all scheduled hearings are **CANCELLED**. This matter shall be stricken from the Court's active docket.

This the 20th day of August, 2010.

Signed By:

*Amul R. Thapar*

United States District Judge